# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

        **Plaintiff,**

v.                                                                      **Case No: 6:19-cr-224-AGM-DCI**

DANIEL ZIRK

        **Defendant.**

_____

## ORDER

On December 20, 2020, following a guilty plea, the Court entered judgment in this case, sentencing the Defendant to a term of imprisonment. Doc. 181. That judgment was affirmed on appeal in 2021. *See* Docs. 250, 252. The Defendant sought relief pursuant to 28 U.S.C. § 2255, and that request was denied in January 2024. *See* Doc. 272, as well as 6:22-cv-1006-WWB-EJK at Doc. 10.

On October 27, 2025, the Defendant filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). Doc. 340 (the Motion). In the Motion, the Defendant seeks both the return of unspecified property seized from his residence during an October 30, 2019 search as well as an inventory of that property from the government. *Id*.

As directed, the government filed a response to the Motion. Doc. 344. The response includes an inventory of the property seized. *See id*.; Doc. 347-1. In the response, the government states that it "does not object to the return of item numbers 2, 12, 13, 14, and 15." Doc. 344 at 1. As to the remaining items, the government objects, stating that those:

> are items of evidence that help show the defendant's guilt of the crimes with which he was charged and convicted. One of these items is paperwork found in the

residence containing the defendant's PII, helping show that the items found in the home can be attributed to the defendant. *See* Exh. A, item 16. The other items are pieces of clothing that correlate to clothing that one of the masked robbers (Zirk) was wearing when he committed offenses at issue in this case.

Doc. 344 at 2. That objection is based on the Defendant's assertion in the Motion that "he is 'currently/actively appealing his conviction' (Doc. 340 at 2), meaning that it would be prudent for the FBI to retain this evidence in case the district court were to reopen the proceedings." Doc. 344. Given the Defendant's representation concerning his attempts to appeal, the government provides little further explanation.

Motions for return of property seized during criminal proceedings are governed by Rule 41(g) which states in its entirety:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a return of property motion pursuant to Rule 41(g) is filed after a conviction it is treated as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). To grant a return of property motion, the court must find that the movant has (1) a possessory interest in the seized property and (2) "clean hands" with respect to that property. *See Id.* at 974. Further, a motion for return of property may be denied in light of the evidentiary value of the property in future, including its use against potential proceedings concerning a co-conspirator. *See United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. 2021) ("As these items are linked to his criminal conduct, Stoune is not entitled to their return. Moreover, because Stoune's 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial.").

Thus, to the extent the Defendant seeks an inventory, the Motion is now moot, as the government provided an inventory along with its response. To the extent the Defendant seeks inventory items 2, 12, 13, 14, and 15, the Motion is due to be granted as unopposed. However, as to the remaining items, the Motion is due to be denied without prejudice. Specifically, and perhaps due to the initial lack of an inventory, the Motion is unclear as to what the Defendant is seeking the return of and why. Further, though the Defendant's assertion that he is "currently/actively appealing his conviction" is belied by the record, the government relies almost entirely upon this representation in its response. And though the Defendant has filed a somewhat lengthy reply, it is unclear what the Defendant is seeking in the reply, and to the extent he is seeking additional or further relief, it is improper to do so through a reply. Finally, the reply is unauthorized. *See* Local Rule 3.01(e).

Accordingly, upon due consideration the Motion (Doc. 340) is:

1. **GRANTED in part** to the extent that the government is directed to return to the Defendant the items designated as numbers 2, 12, 13, 14, and 15 on the inventory (see Doc. 347-1);

2. **DENIED as moot** to the extent the Motion seeks an order compelling the government to provide an inventory of seized items; and

3. **DENIED without prejudice** to the extent the Defendant seeks the return of other items listed in the inventory or any other relief.

**ORDERED** in Orlando, Florida on July 1, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

3

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant