# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 6:19-cr-224-AGM-DCI**

**DANIEL ZIRK,**

**Defendant.**

---

## ORDER

On December 20, 2020, following a guilty plea, the Court entered judgment in this case, sentencing the Defendant to a term of imprisonment. Doc. 181. That judgment was affirmed on appeal in 2021. *See* Docs. 250, 252. The Defendant sought relief pursuant to 28 U.S.C. § 2255, and that request was denied in January 2024. *See* Doc. 272, as well as 6:22-cv-1006-WWB-EJK at Doc. 10.

On October 27, 2025, the Defendant filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). Doc. 340 (the First Motion). In the First Motion, the Defendant sought both the return of unspecified property seized from his residence during an October 30, 2019 search as well as an inventory of that property from the government. *Id*. The government responded to that motion, included an inventory of the property seized, agreed to return certain items, and objected to the return of other items based on an on-going evidentiary need. *See id*.; Doc. 347-1.

In an order dated July 1, 2026, the Court granted the First Motion in part to the extent the Court directed the government to return the items it agreed to return, denied the motion as moot to

the extent it sought an inventory, and denied the motion without prejudice in remaining part. Doc. 357.

Now before the Court is a motion by the Defendant seeking the return of additional property. Doc. 367 (the Second Motion). The government filed a response within the time provided by the Court. *See* Doc. 375 (order extending the government's time to respond). In the response, the government agreed to return several items seized from the person of the Defendant during his arrest:

- Defendant's wallet with Social Security card, birth certificate, and miscellaneous cards;
- $140 in cash;
- Black and silver iPad;
- Black flip phone; and
- Black iPhone 7 Plus (model A1661).

Doc. 377 at 1-2. However, the government asserted that the investigating agency has no record of ever having seized three other items the Defendant identified in the Second Motion: an iPhone X, an iPhone 11, and a Samsung smart watch. *Id*. at 2.

Motions for return of property seized during criminal proceedings are governed by Federal Rule of Criminal Procedure 41(g) which states in its entirety:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a return of property motion pursuant to Rule 41(g) is filed after a conviction it is treated as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). To grant a return of property motion, the court must find that the movant has (1) a

possessory interest in the seized property and (2) "clean hands" with respect to that property. *See Id.* at 974.

To the extent the Defendant seeks to recover the following items, the Motion is due to be granted as unopposed:

- Defendant's wallet with Social Security card, birth certificate, and miscellaneous cards;
- $140 in cash;
- Black and silver iPad;
- Black flip phone; and
- Black iPhone 7 Plus (model A1661).

However, as to the remaining items, the Second Motion is due to be denied without prejudice. Specifically, the Second Motion is unclear as to what the Defendant is seeking the return of and why, as well as why the Defendant believes the government possesses the items. Further, to the extent the government asserts that it does not possess the property, a panel of the Eleventh Circuit has explained that:

> The government is not obligated to return property that it never possessed or no longer possesses, but it must provide some evidentiary support for its claim that it does not possess the property at issue. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (holding that the district court erred when it relied on the government's representation that the property sought by the defendant had been destroyed because the government did not submit any evidence of the property's destruction).

*United States v. Davis*, 2019 WL 4463505, at *3 (11th Cir. Sept. 18, 2019). Thus, though the government need not return property it never seized, the Court will not simply rely upon the say-so of government counsel in a response to a motion. If a motion is re-filed, the government must present evidence supporting its assertions.

Accordingly, it is **ORDERED** that:

1. the Second Motion (Doc. 367) is **GRANTED in part** to the extent that the government is directed to return:
    a. Defendant's wallet with Social Security card, birth certificate, and miscellaneous cards;
    b. $140 in cash;
    c. Black and silver iPad;
    d. Black flip phone; and
    e. Black iPhone 7 Plus (model A1661).
2. the Second Motion (Doc. 367) is **DENIED in part without prejudice** to the extent the Defendant seeks the return of other items identified in the Second Motion or seeks any other relief.
3. The Defendant is directed to provide the government with a written designation for a non-incarcerated person who may take possession of the items.

**ORDERED** in Orlando, Florida on October 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant